IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| NYDIA TISDALE, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| vs. | 2:12-CV-0145 |
| MAYOR H. FORD GRAVITT, individually and in his official capacity, CITY OF CUMMING, GEORGIA, and POLICE CHIEF CASEY TATUM, individually and in his official capacity as Chief of Police for the City of Cumming, DEPUTY POLICE CHIEF WALTER COOK, individually, | |
| Defendants. | |

## COMPLAINT

COMES NOW Nydia Tisdale ("Tisdale"), the Plaintiff, and brings this Complaint seeking declaratory and injunctive relief and damages for violations of her First, Fourth and Fourteenth Amendment rights under the United States Constitution and corollary rights under the Georgia Constitution, for violations of Georgia's Open Meetings Act and for false imprisonment, battery and harassment when she was twice barred from filming a public and open Cumming City Council meeting and physically removed from the meeting by the Chief of Police and Deputy Chief.

## JURISDICTION AND VENUE

1.

This action arises under the authority vested in this Court by virtue of 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a)(3), the First, Fourth, and Fourteenth Amendments of the United States Constitution, and pendent jurisdiction pursuant to 28 U.S.C. § 1367 under Article I, § 1, ¶¶ V, VIII of the Georgia Constitution. The actions of defendants were under color of law. Venue is proper in this Court.

## PARTIES

2.

Plaintiff Nydia Tisdale resides in Roswell, Georgia. She blogs for AboutForsyth.com and has lived in Roswell for 22 years.

3.

Defendant City of Cumming, Georgia ("City"), is a body corporate and politic and a political subdivision of the State of Georgia, duly established under its laws and Constitution.

4.

Defendant Mayor H. Ford Gravitt ("Gravitt") is the Mayor of the City of Cumming and runs the Cumming City Council meetings. He is sued in his

individual and official capacities. This Defendant was, at all times pertinent hereto, acting under color of state law.

5.

Defendant Cumming Police Chief Casey Tatum ("Tatum") was, at all times relevant hereto, the Chief of Police of the Cumming Police Department and it is this defendant who physically removed Tisdale from the meeting. He is sued in his individual and official capacity. Defendant Deputy Police Chief Walter "Clyde" Cook is also sued in his individual capacity for assisting in physically removing Tisdale from the meeting. These Defendants were, at all times pertinent hereto, acting under color of state law.

**FACTUAL ALLEGATIONS**

6.

On April 17, 2012, Defendant Gravitt, in his capacity as Mayor and Chairperson of the Cumming City Council, convened a public meeting.

7.

As the meeting was about to be called to order, Tisdale began filming using a Sony video camera.

8.

After calling the meeting to order, Defendant Gravitt issued an order to the Chief of Police and other officers present:

> First of all, a little house cleaning. Uh, Chief Tatum, if you would, remove the camera from ... from the auditorium. We don't allow filming inside of the city hall here unless it's specific reasons, so if you would remove the camera.

See http://www.youtube.com/watch?v=vaulDwK6ou0

9.

Tisdale attempted to assert her right to film stating "Respectfully Mayor ..." and explained that Georgia law permitted videotaping of meetings. She also requested that the City Attorney in attendance, Dana B. Miles, be consulted. *Id.* *See* O.C.G.A. § 50-14-1(c)("Visual and sound recording during open meetings shall be permitted").

10.

In response, Mayor Gravitt again ordered the Chief of Police to remove the camera. *Id.*

11.

Police Chief Tatum then approached and, along with Deputy Chief Walter "Clyde" Cook, forcibly removed Tisdale and her camera from the meeting by grabbing her arms and tripod. Tisdale implored Police Chief Tatum to take his hands off of her, but Chief Tatum did not. During this altercation, the Mayor failed to instruct Chief Tatum to only ask Tisdale to turn off her camera and did not stop the illegal removal of Tisdale from a public meeting. *Id*.

12.

After being forcibly removed from the meeting, Tisdale was eventually allowed to return. When she attempted to again record the meeting, now with her Olympus camera, she was again ordered to stop filming.

13.

A true, correct and accurate depiction of the events can be found at http://www.youtube.com/watch?v=vaulDwK6ou0

14.

In addition, the City of Cumming recorded the incident and a true, correct and accurate account of the events may be found on-line at http://www.youtube.com/watch?v=Vs1sOg8HXws

15.

The actions of defendants were pursuant to a policy, custom and practice of the City of Cumming and/or with the final approval or ratification of the final decision-maker for such issues. All actions were done under color of law, and with deliberate indifference to clearly established rights of the plaintiff.

16.

The actions of defendants caused Tisdale physical pain, emotional distress and humiliation as she was physically removed from a public meeting for exercising her constitutional and statutory rights to film a public meeting.

17.

While the City of Cumming has now adopted a policy allowing videotaping of its meetings in response to the public reaction to these events, it is not "absolutely clear" that it will not return to its prohibition on filming. Due to the City of Cumming's stated confusion in understanding the Open Records Act provisions on recording of meetings, the prohibition on recording is reasonably likely be enforced against Tisdale again. She is filing this lawsuit so that she can obtain court orders allowing her to film upcoming meetings in the next month.

18.

On June 5, 2012, the Georgia Attorney General filed suit seeking civil penalties against Mayor Gravitt and the City of Cumming.  *See Olens v. Gravitt*, 12-CV-1205 (Forsyth Superior Court, June 5, 2012).  On June 9, 2012, Tisdale sent a demand letter and anti-litem notice.

## **CLAIMS FOR RELIEF**

19.

The allegations set forth above are incorporated by reference herein and below.

### Georgia Open Meetings Act

20.

Under the Georgia Open Meetings Act, O.C.G.A. § 50-14-1(b)(1) "all meetings shall be open to the public."  Moreover, O.C.G.A. § 50-14-1(c) provides: "Visual and sound recording during open meetings shall be permitted." Defendants violated the Open Meetings Act both by twice barring recording and by removing Tisdale from an open and public meeting.  As such, they are subject to civil penalties under O.C.G.A. § 50-14-6.

Free Speech Violations

21.

By not allowing Tisdale to videotape an open and public meeting, and by ultimately physically removing Tisdale from a public meeting, Defendants engaged in a prior restraint and deprived Tisdale of her right to freedom of speech as protected by the First and Fourteenth Amendments, as well as the Georgia Constitution Article I, Section I, Paragraphs V and IX.

Unreasonable Seizure Violations

22.

By threatening, seizing, and physically removing Tisdale from an open and public meeting under clearly unconstitutional, vague and overbroad rules restricting filming of public meetings, Defendants violated Tisdale's right to be secure in her person and to be free from unreasonable searches and seizures as protected by the Fourth and Fourteenth Amendments of the United States Constitution, as well as the Georgia Constitution Article I, Section 1, Paragraph I, VII, and XIII.

State Tort Claims

23.

By maliciously threatening, seizing, and physically removing Tisdale from a public meeting, without any legal authority, Defendants falsely imprisoned her in violation of O.C.G.A. § 16-5-41.

24.

By maliciously threatening, seizing, and physically removing Tisdale from a public meeting, without any legal authority, Defendants falsely imprisoned her under color of legal process in violation of O.C.G.A. § 16-5-42.

25.

By intentionally and with excessive force threatening, seizing, and physically removing Tisdale from a public meeting, without any legal authority, Defendants committed a battery in violation of O.C.G.A. § 16-5-23.

26.

Tisdale regularly films public meetings, and is specially likely to be subject to the unconstitutional bar on videotaping and its application in the future, and who currently plans to videotape such meeting in the next month. She seeks declaratory and injunctive relief affirming her right to film Cumming City

Council Meetings and her right to attend such meetings.

## PRAYER FOR RELIEF

WHEREFORE, on the basis of the foregoing, Plaintiff respectfully prays that this Court:

(A) Assume jurisdiction over this action;

(B) Award nominal, modest compensatory and other damages against each defendant in an amount determined by a jury;

(C) Award declaratory and injunctive relief as set out herein;

(D) Impose civil penalties as provided by law;

(E) Award reasonable attorneys fees, expenses, and costs of litigation pursuant to 42 U.S.C. § 1988, O.C.G.A. § 50-14-5(b) and other applicable laws;

(F) Award such other and further relief as this Court deems just and proper.

A JURY TRIAL IS REQUESTED.

DATED: This the 12 <sup>th</sup> day of June, 2012.

                                      Respectfully submitted,

                                      /s Gerald Weber

                                      _____
                                      Gerald Weber
                                      Georgia Bar No. 744878

Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107
Phone: (404) 522-0507
wgerryweber@gmail.com

*Attorney for Plaintiff*