IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| NYDIA TISDALE, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION |
| | * | NO. 2:12-CV-00145-RWS |
| v. | * | |
| | * | |
| MAYOR H. FORD GRAVITT, | * | |
| individually and in his official capacity, | * | |
| CITY OF CUMMING, GEORGIA and | * | |
| POLICE CHIEF CASEY TATUM, | * | |
| individually and in his official capacity | * | |
| as Chief of Police for the City of | * | |
| Cumming, DEPUTY POLICE CHIEF | * | |
| WALTER COOK, individually, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## ANSWER AND DEFENSES

COME NOW Defendants Mayor H. Ford Gravitt, City of Cumming, Georgia, Police Chief Casey Tatum and Deputy Police Chief Walter Cook and file this their Answer and Defenses to Plaintiff's Complaint and show the Court as follows:

### FIRST DEFENSE

Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

For a Second Defense, Defendants answer the numbered paragraphs of Plaintiff's complaint as follows:

### RESPONDING TO: JURISDICTION AND VENUE

1.

Responding to the allegations contained in paragraph 1 of Plaintiff's complaint, Defendants admit that jurisdiction and venue are proper with this Court. Defendants deny that much of the conduct outlined in Plaintiff's complaint occurred, and therefore, deny the remaining allegations.

### RESPONDING TO: PARTIES

2.

Defendants can neither admit nor deny the allegations contained in paragraph 2 of Plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof and put Plaintiff on strict proof of the same.

3.

Defendants admit the allegations contained in paragraph 3 of Plaintiff's complaint.

4.

Defendants admit the first two sentences of paragraph 4 of Plaintiff's complaint. Responding to the third sentence, Defendants deny that the recitation of the events is accurate, and therefore, deny that all of Mayor Gravitt's action as set out in the complaint was under the color of law.

5.

Responding to the allegations contained in paragraph 5 of Plaintiff's complaint, Defendants admit that Chief Tatum is the Chief of Police for the City of Cumming and that Plaintiff has sued him in his individual and official capacity. Defendants further admit that Plaintiff has sued Deputy Police Chief Walter Clyde Cook in his individual capacity. Defendants deny the remaining allegations contained in paragraph 5 of Plaintiff's complaint.

## RESPONDING TO: FACTUAL ALLEGATIONS

6.

Defendants admit the allegations contained in paragraph 6 of Plaintiff's complaint.

7.

Defendants admit the allegations contained in paragraph 7 of Plaintiff's complaint.

8.

Defendants admit the allegations contained in paragraph 8 of Plaintiff's complaint.

9.

Responding to the allegations contained in paragraph 9 of Plaintiff's complaint, Defendants respond that Plaintiff said the quoted words in the paragraph and that she requested that the City Attorney be consulted. Defendants deny the remaining allegations contained in paragraph 9 of Plaintiff's complaint in the form and manner pled.

10.

Defendants admit the allegations contained in paragraph 10 of Plaintiff's complaint.

11.

Responding to the allegations contained in paragraph 11 of Plaintiff's complaint, Defendants admit that Chief Tatum and Deputy Cook approached Plaintiff and moved her tripod to the corner of the meeting room. Defendants deny the remaining allegations contained in paragraph 11 of Plaintiff's complaint.

12.

Responding to the allegations contained in paragraph 12 of Plaintiff's complaint, Defendants admit that Plaintiff returned to the meeting room and appeared to begin recording the meeting with a hand-held camera. Defendants deny the remaining allegations contained in paragraph 12 of Plaintiff's complaint.

13.

Responding to the allegations contained in paragraph 13 of Plaintiff's complaint, Defendants admit that the YouTube video shows a portion of the events that occurred but deny that it is accurate as to all of the events that occurred because it is incomplete.

14.

Defendants admit the allegations contained in paragraph 14 of Plaintiff's complaint.

15.

Defendants deny the allegations contained in paragraph 15 of Plaintiff's complaint in the form and manner pled.

16.

Defendants deny the allegations contained in paragraph 16 of Plaintiff's complaint.

17.

Defendants deny the allegations contained in paragraph 17 of Plaintiff's complaint.

18.

Defendants admit the allegations contained in paragraph 18 of Plaintiff's complaint and by way of further response, attach hereto a copy of the complaint filed by the Attorney General.

RESPONDING TO: CLAIMS FOR RELIEF

19.

Responding to the allegations in paragraph 19 of Plaintiff's complaint, Defendants incorporate by reference as if fully set forth herein their answers and responses previously made to paragraphs 1 through 18 of Plaintiff's complaint.

RESPONDING TO: GEORGIA OPEN MEETINGS ACT

20.

Defendants admit the first two sentences of paragraph 20 of Plaintiff's complaint. Defendants deny the remaining allegations contained in paragraph 20 of Plaintiff's complaint.

### RESPONDING TO: FREE SPEECH VIOLATIONS

21.

Defendants deny the allegations contained in paragraph 21 of Plaintiff's complaint.

### RESPONDING TO: UNREASONABLE SEIZURE VIOLATIONS

22.

Defendants deny the allegations contained in paragraph 22 of Plaintiff's complaint.

### RESPONDING TO: STATE TORT CLAIMS

23.

Defendants deny the allegations contained in paragraph 23 of Plaintiff's complaint.

24.

Defendants deny the allegations contained in paragraph 24 of Plaintiff's complaint.

25.

Defendants deny the allegations contained in paragraph 25 of Plaintiff's complaint.

26.

Responding the allegations contained in paragraph 26 of Plaintiff's complaint, these Defendants can neither admit nor deny the allegations contained in paragraph 26 of Plaintiff's complaint with respect to her plans for future conduct for want of sufficient information to form a belief as to the truth thereof and put Plaintiff on strict proof of the same. Defendants deny the remaining allegations contained in paragraph 26 of Plaintiff's complaint.

27.

All other allegations in the complaint not hereinbefore specifically responded to, are hereby denied.

28.

Responding to the unnumbered paragraph beginning with "WHEREFORE" following paragraph 27 of Plaintiff's complaint, Defendants deny the allegations in the paragraph, including subparagraphs (A) through (F) thereof, and further deny that Plaintiff is entitled to any relief requested either in form or in amount.

THIRD DEFENSE

The individual defendants may not be held liable for the actions alleged in Plaintiff's complaint inasmuch as Defendants' actions were a proper exercise of the discretionary powers vested in them.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of qualified, sovereign, official and legislative immunity.

## FIFTH DEFENSE

The City of Cumming may not be held liable under 42 U.S.C. § 1983 on the basis of respondeat superior.

## SIXTH DEFENSE

Defendant Gravitt is entitled to immunity pursuant to O.C.G.A. § 51-1-20.

## SEVENTH DEFENSE

Plaintiff lacks standing to assert claims pursuant to the Open Meetings Act.

## EIGHTH DEFENSE

Plaintiff's claims do not establish the necessary prerequisites for issuance of declaratory relief. The individual defendants named in their official capacities are improperly joined as parties.

WHEREFORE, having fully answered Plaintiff's complaint, Defendants pray that:

(a) Plaintiff's complaint against it be dismissed;

(b) Judgment be entered in favor of Defendants;

(c) Defendants be awarded reasonable attorney's fees and costs;

(d) All costs be taxed against Plaintiff; and

(e) Any further relief that is just and appropriate be granted to Defendants.

Respectfully submitted this 16th day of August, 2012.

**FREEMAN MATHIS & GARY, LLP**

/s/ Dana K. Maine
Dana K. Maine
Georgia Bar No. 466580
dmaine@fmglaw.com
James M. Dervin
Georgia Bar No. 232459
jdervin@fmglaw.com

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

**MILES PATTERSON HANSFORD TALLANT, LLC**

Dana B. Miles
Georgia Bar No. 505613
dmiles@mphtlaw.com
Kevin J. Tallant
Georgia Bar No. 696690
ktallant@mphtlaw.com

202 Tribble Gap Road
Suite 200
Cumming, GA 30040-2540
(770) 781-4100 (telephone)
(770) 781-9191 (facsimile)

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing ANSWER AND DEFENSES to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants and mailed by United States Postal Service, first-class, postage prepaid, a paper copy of the same document to counsel of record, who are non-CM/ECF participants. Counsel of record is:

Gerald R. Weber Jr.
wgerryweber@gmail.com
Law Office of Gerald Weber
P.O. Box 5391
Atlanta, GA 31107

This the 16th day of August, 2012

**FREEMAN MATHIS & GARY, LLP**

/s/ Dana K. Maine
Dana K. Maine
Georgia Bar No. 466580
dmaine@fmglaw.com

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
926\45419