IN THE SUPERIOR COURT OF FORSYTH COUNTY
STATE OF GEORGIA

FORSYTH COUNTY GEORGIA
FILED IN THIS OFFICE
JUN 05 2012
CLERK SUPERIOR COURT

SAMUEL S. OLENS, in his official capacity as the Attorney General of the State of Georgia,

Plaintiff,

v.

H. FORD GRAVITT, individually and in his official capacity as Mayor of the City of Cumming, Georgia, and the CITY OF CUMMING, GEORGIA,

Defendants.

CIVIL ACTION FILE NO.

12cv-1205

**COMPLAINT**

**COMES NOW** SAMUEL S. OLENS in his official capacity as the Attorney General of Georgia and, pursuant to the authority vested in him by O.C.G.A. §§ 50-14-5 and 50-14-6 files this Complaint to enforce Georgia's Open Meetings Act, impose a penalty for violations of that Act, and for attorney's fees, showing as follows:

**Parties and Jurisdiction**

1.

Plaintiff SAMUEL S. OLENS is the duly elected Attorney General of Georgia. He has the authority and standing to bring this action pursuant to the express provisions of Georgia law. O.C.G.A. § 50-14-5(a).

2.

Defendant H. FORD GRAVITT is the duly elected Mayor of the City of Cumming. Georgia, and in that capacity serves as chair of the city council. He may be served by hand delivering a copy of this complaint to him at City Hall, 100 Main St., Cumming, GA 30040. He is sued herein in both his official and individual capacities.



3.

Defendant CITY OF CUMMING (the "City") is a municipal government duly constituted under the laws of the State of Georgia with the power to sue and be sued. 1935 Ga. Laws 1001,1004, 1005. It may be served by delivering a copy of this complaint to its mayor, Defendant Gravitt, at City Hall, 100 Main St., Cumming, GA 30040.

4.

This Court has jurisdiction over this action to enforce Georgia's Open Meetings Act pursuant to its express grant of jurisdiction provided in O.C.G.A. § 50-18-75(a) and through its equitable and injunctive powers stated in Ga. Const. Art. VI, Sec. IV, Para. I and O.C.G.A. § 9-5-1 *et seq*. Venue in this action is proper in Forsyth County pursuant to Ga. Const. Art. VI, Sec. II, Paras. III, IV.

**Georgia's Open Meetings Act**

5.

Georgia's Open Meetings Act provides that "all meetings shall be open to the public." O.C.G.A. § 50-14-1(b)(1) (2012).

6.

The Act further provides:

> The public at all times shall be afforded access to meetings declared open to the public pursuant to subsection (b) of this Code section. Visual and sound recording during open meetings shall be permitted.

O.C.G.A. § 50-14-1(c) (2012).

7.

The above provisions of the Open Meetings Act were effective on April 17, 2012, and applicable to the facts alleged in this Complaint.

**The April 17 Meeting of City of Cumming City Council**

8.

On April 17, 2012, at or about 6:00 p.m., Defendant Gravitt, acting in his capacity as chair of the City of Cumming City Council, convened a regularly scheduled and called meeting of the City Council.

9.

At the time Defendant Gravitt called the meeting to order, a citizen named Nydia Tisdale was videotaping the meeting using a video camera set on a tripod in the city hall auditorium where the meeting was being held.

10.

After calling the meeting to order and welcoming the public, the Defendant Gravitt said:

> First of all, a little housecleaning. Uh, Chief Tatum, if you would, remove the camera from … from the auditorium. We don't allow filming inside of the city hall here unless it's specific reasons, so if you would remove the camera.

*See* http://www.youtube.com/watch?v=vaulDwK6ou0.

11.

While Defendant Gravitt made the above statement he gestured towards Ms. Tisdale and her camera. *Id.*

12.

Ms. Tisdale attempted to protest the removal, beginning "Respectfully Mayor …" and explaining that Georgia law allows videotaping by the public of public meetings. *Id.*

13.

Defendant Gravitt ignored Ms. Tisdale's entreaties, her specific references to the governing provisions of Georgia's Open Meetings Act, and her request that he consult with the

City's attorney before removing her or her camera, and instead reiterated his direction for removal. *Id.*

14.

Ms. Tisdale and her video camera were then forcibly removed from the city hall auditorium. *Id.* This was done by Police Chief Tatum who was then acting as an employee and officer of the City of Cumming.

15.

Although Mayor Gravitt observed Ms. Tisdale being removed from the auditorium he did not order that she be allowed to remain. *Id.* Likewise, Mayor Gravitt did not instruct that the camera might simply be turned off but instead ordered the forcible removal from the auditorium of this valuable piece of equipment. *Id.* It was plain that Ms. Tisdale was being forcibly removed from the auditorium. Indeed, the videotape reveals that she tried to get Officer Tatum to take his hands off of her.

16.

Since Ms. Tisdale was videotaping when the above incident occurred, the incident was recorded. This recording, which is a true, correct, and accurate depiction of this incident, can be found online at http://www.youtube.com/watch?v=vaulDwK6ou0. Likewise, the City recorded the incident, and the city's recording, which is a true, correct, and accurate depiction of this incident, may be found online at http://www.youtube.com/watch?v=Vs1sOg8HXws.

17.

After being forcibly removed from the meeting, Ms. Tisdale was able to return and observed some but not all of the meeting. During this portion of the meeting she attempted to

videotape the meeting using a cell phone camera. She was ordered to stop this recording before the meeting ended by a guard acting on behalf of the City of Cumming.

**COUNT I:**
**VIOLATION OF GEORGIA'S OPEN MEETINGS ACT**
**IN REFUSING TO PERMIT VIDEOTAPING OF MEETING**

18.

The Attorney General hereby incorporates, as if fully set out herein, the allegations set forth in paragraphs 1 through 16, above.

19.

In refusing to permit videotaping of its public meeting, Defendants Gravitt and City of Cumming violated O.C.G.A. § 50-14-1(c) which expressly provides that visual and sound recording during open meetings shall be permitted.

20.

The Defendants violated this express provision of Georgia law on two separate occasions during this meeting: first, by forcibly removing Ms. Tisdale's video camera which was lawfully recording the meeting, and, second, by later ordering Ms. Tisdale to stop recording the meeting on her cell phone.

21.

Georgia law provides:

> Any person knowingly and willfully conducting or participating in a meeting in violation of this chapter shall be guilty of a misdemeanor and upon conviction shall be punished by a fine not to exceed $1,000.00. Alternatively, **a civil penalty may be imposed by the court in any civil action brought pursuant to this chapter against any person who negligently violates the terms of this chapter in an amount not to exceed $1,000.00 for the first violation. A civil penalty or criminal fine not to exceed $2,500.00 per violation may be imposed for each additional violation that the violator commits within a 12 month period from the date that the first penalty or**

> **fine was imposed.** It shall be a defense to any criminal action under this Code section that a person has acted in good faith in his or her actions.

O.C.G.A. § 50-14-6 (2012) (emphasis added).

22.

Every person in Georgia is charged with knowing the law. Mayor Gravitt and the officers and employees of the City of Cumming had an obligation to be aware of Georgia law at the time of their violations of its express terms. Moreover, they were pointedly told about their legal obligations before violating them and proceeded anyway. The actions of the Defendants were neither legally nor factually performed in objective good faith.

23.

The failure of Defendants to comply with the law subjects them to penalties in excess of $1000 under Georgia's Open Meetings Act.

**COUNT II:**
**VIOLATION OF GEORGIA'S OPEN MEETINGS ACT**
**FOR THE FORCIBLE REMOVAL OF CITIZEN TISDALE**

24.

The Attorney General hereby incorporates, as if fully set out herein, the allegations set forth in paragraphs 1 through 23, above.

25.

In forcibly removing Nydia Tisdale from its public meeting and permitting such removal to occur, Defendants Gravitt and City of Cumming violated O.C.G.A. § 50-14-1(b) and § 50-14-1(c) which expressly permit the public to attend public meetings.

26.

The failure of Defendants to comply with the law subjects them to penalties in excess of $1000 under Georgia's Open Meetings Act.

**COUNT III:**
**CLAIM FOR ATTORNEY'S FEES**

27.

The Attorney General hereby incorporates, as if fully set out herein, the allegations set forth in paragraphs 1 through 26, above.

28.

Georgia law provides:

> In any action brought to enforce the provisions of this chapter in which the court determines that an agency acted without substantial justification in not complying with this chapter, the court shall, unless it finds that special circumstances exist, assess in favor of the complaining party reasonable attorney's fees and other litigation costs reasonably incurred. Whether the position of the complaining party was substantially justified shall be determined on the basis of the record as a whole which is made in the proceeding for which fees and other expenses are sought.

O.C.G.A. § 50-14-5(b) (2012).

29.

Defendants acted without substantial justification in not complying with the Open meetings Act and in not resolving the claims arising from their clear violations of the law. The Attorney General, on behalf of the State of Georgia, is entitled to recover the Department of Law's reasonable attorney's fees and other litigation costs incurred by being forced to bring this action.

**WHEREFORE**, having fully plead his Complaint and provided Defendants with notice of the claims against them, the Attorney General respectfully demands as follows:

(a) that process and service of process issue against each of the Defendants should they refuse to acknowledge service;

(b) that the Court order, adjudge, and declare that the Defendants, individually and in concert, violated Georgia's Open Meetings Act by:

- Claiming that video recording was not permitted of its public meeting and ordering that Nydia Tisdale's video camera be forcibly removed from her during her videotaping of the City's public meeting;
- Ordering Nydia Tisdale to not record the meeting on her cell phone;
- Forcibly removing Nydia Tisdale from a public meeting that she had the right under Georgia law to attend.

(c) that the Court impose a fine on each of the Defendants for each violation of Georgia's Open Meetings Act that the Court finds of $1000 for the first violation and $2500 for each subsequent violation from the April 17, 2012 meeting of the Cumming City Council;

(d) that the court award the Attorney General the reasonable attorney's fees and other litigation costs associated with prosecuting this action;

(e) that all other costs of this action be cast against the Defendants; and

(d) that the Court grant such other relief in favor of Attorney General as it deems just and proper.

Respectfully submitted,

SAMUEL S. OLENS 551540
Attorney General

JEFF MILSTEEN 509820
Chief Deputy Attorney General

DENNIS DUNN 234098
Deputy Attorney General

[Signatures continued]

STEFAN E. RITTER 606950
Senior Assistant Attorney General

Attorneys for Plaintiff

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

STEFAN E. RITTER
Senior Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone (404) 656-7298

Samuel S. Olens

-vs-

H. Ford Gravitt

**GEORGIA FORSYTH COUNTY**

I, Greg G. Allen, Clerk Superior Court in and for said county, do hereby certify that this is a true and correct copy of the original that appears on record 12CV-1205 Complaint this office

Given under my official signature and the seal of said Court, this 16th day of August 2012

By: V. Dance Deputy Clerk

Forsyth Superior Court