IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| NYDIA TISDALE, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION |
| | * | NO. 2:12-CV-00145-RWS |
| v. | * | |
| | * | |
| MAYOR H. FORD GRAVITT, | * | |
| individually and in his official capacity, | * | |
| CITY OF CUMMING, GEORGIA and | * | |
| POLICE CHIEF CASEY TATUM, | * | |
| individually and in his official capacity | * | |
| as Chief of Police for the City of | * | |
| Cumming, DEPUTY POLICE CHIEF | * | |
| WALTER COOK, individually, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## **MEMORANDUM OF LAW IN SUPPORT OF**
## **MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Defendants move this Court to dismiss Plaintiff's claim related to the Open Meetings Act. Plaintiff does not have standing to assert this claim because the Georgia Attorney General is already pursuing the action in the Superior Court of Forsyth County. Alternatively, the Court should dismiss the claim based on the Colorado River abstention doctrine.

Plaintiff brought this action after Mayor Gravitt, a Defendant, attempted to stop her from videotaping a City of Cumming Council meeting. She has several

constitutional and state law claims in her complaint, in addition to the claim related to Georgia's Open Meetings Act. This motion seeks dismissal of this single claim.

## I.    ARGUMENT AND CITATION OF AUTHORITY

### A.    Plaintiff Does Not Have Standing to Assert a Claim Under the Open Meetings Act

In paragraph 18 of her complaint, Plaintiff admits that the Georgia Attorney General is already pursuing a claim against the City of Cumming and Mayor Gravitt under the Georgia Open Meetings Act. Attached to Defendants answer is a certified copy of the complaint ("AG complaint"). In the AG complaint, the Attorney General seeks the maximum monetary penalty allowable against the City and Mayor Gravitt. (See AG complaint, Prayer for Relief.) Because the Open Meetings Act affords only one right of recovery for a violation, Plaintiff's action cannot produce any restitution for her. Therefore, she lacks standing to pursue this claim. Thus, Plaintiff's claim cannot be redressed by a favorable result from this Court.

Standing is threshold issue for every federal case. CAMP Legal Def. Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1269 (11th Cir. 2006). If a claimant does not have standing, the court "is powerless to continue." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999). The court may not issue an advisory opinion that speculates on the plaintiff's rights. CAMP, 451 F.3d at 1269.

Article III standing requires a plaintiff to establish three elements: (1) an injury in fact; (2) a causal connection between the injury and the alleged conduct; and (3) likelihood that the injury will be redressed by a favorable decision. Granite State Outdoor Adver., Inc. v. City of Clearwater, 351 F.3d 1112, 1116 (11th Cir.2003) (summarizing Lujan v. Defenders of Wildlife, 504 U.S. 555 112 S. Ct. 2130 (1992)). Each element of standing is an indispensable part of a plaintiff's case. Lujan, 504 U.S. at 560.

The "injury" component for the Open Meetings Act claim would be the provision for the monetary penalty found in O.C.G.A. § 51-14-6. The Georgia Open Meetings Act permits only one action for civil penalties to proceed per violation. As the Attorney General has already asked a court to award him this penalty, Plaintiff can achieve no restitution through this action under this claim. The Court is without power to grant the civil penalties that Plaintiff seeks to redress the injury to the public. Therefore, she cannot satisfy the redressability element of standing.

Specifically, the Open Meetings Act states that:

> a civil penalty may be imposed by the court in any civil action brought pursuant to this chapter against any person who negligently violates the terms of this chapter in an amount not to exceed $1,000.00 for the first violation . . .

O.C.G.A. § 50-14-6 (emphasis added). The Act expressly limits each violation to a single civil penalty capped at $1,000. Therefore, the City's alleged violation cannot be subject to more than one civil penalty per event. Simply put, the Attorney General is pursuing the full extent of penalties allowed by law. Therefore, a favorable decision by this Court will not grant the relief that Plaintiff seeks. Her claim lacks redressability and must be dismissed for lack of standing.

**B.** **The Court Should Abstain from Exercising Jurisdiction Over Plaintiff's Open Meetings Act Claim**

In addition to a lack of standing, the Court should abstain from considering Plaintiff's Open Meetings Act claim in the interest of judicial economy and avoiding piecemeal litigation. District courts are permitted to dismiss or abstain from considering claims when there is a parallel matter pending in another court. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S. Ct. 1236 (1976). Because Colorado River applies squarely to Plaintiff's Open Meetings Act claim, the Court should dismiss Plaintiff's claim.

Under the Colorado River abstention doctrine, "the general principle is to avoid duplicative litigation." Id. at 817. Courts seek to conserve judicial resources while providing for comprehensive disposition of litigation. Moorer v. Demopolis Waterworks & Sewer Bd., 374 F.3d 994, 997 (11th Cir. 2004). To determine if a claim should be dismissed under Colorado River, courts apply a two-step test in

which the court will: (1) determine if the two cases are parallel to each other, and (2) employ a multi-factor balancing test to compare the competing interests. Id. at 818. In this case, both steps of the Colorado River test favor abstention..

1. **The Cases Are Parallel**

There can be little doubt that Plaintiff's Open Meetings Act claim is parallel to the pending state suit. Cases are "parallel" if "substantially the same parties are contemporaneously litigating substantially the same issues in more than one forum." Georgia v. U.S. Army Corps of Engineers, 223 F.R.D. 691, 697 (N.D. Ga. 2004) aff'd, 144 F. App'x 850 (11th Cir. 2005). This requirement is not defeated by the addition of parties or issues. Id. (citing to Interstate Material Corp. v. City of Chicago, 847 F.2d 1285 (7th Cir. 1988).

The parties to each suit here are substantially the same. The City of Cumming and Mayor Gravitt are named defendants in both suits. The addition of Defendants Tatum and Cook does not affect the parallel nature of the Open Meeting Act claims. As to the plaintiffs, the Attorney General and Plaintiff Tisdale function as the same party under operation of the Act. The right to enforce the Act is not personal to Plaintiff. See Cardinale v. City of Atlanta, 290 Ga. 521, 722 S.E.2d 732 (2012) (noting that enforcement of the Act is intended to vindicate the public's interest that public business remains open). This is why the Act allows

enforcement by either the attorney general or <u>any</u> citizen, while limiting recovery of civil penalties to one action. O.C.G.A. § 50-14-5. When the attorney general files suit, he steps into the shoes of an aggrieved citizen. The attorney general and a private citizen are the same party for purposes of the Act. They are at least substantially the same for purposes of <u>Colorado River</u>.

Next, the parties are litigating an identical issue. The subject matter of each complaint boils down to the City's response to Plaintiff's attempt to videotape a public meeting. The parallel suits even share the same cause of action under O.C.G.A. § 50-14-6. (Complaint, ¶ 20; AG complaint, ¶ 21, 23.) Therefore, the first step of <u>Colorado River</u> is satisfied.

### 2. The <u>Colorado River</u> Factors Favor Abstention

The factors in the second step of <u>Colorado River</u> support abstention in this case. Courts will balance the interest of the parties based on: (1) whether either court has assumed jurisdiction over a *res*; (2) the inconvenience of the forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums assumed jurisdiction and the relative progress of each suit. <u>Colorado River</u>, 424 U.S. at 818. Abstention may be warranted based on <u>even one</u> of the factors, as was the case in <u>Colorado River</u>. <u>Moses H. Cone Mem. Hosp. v. Mercury Const. Co.</u>, 460 U.S. 1, 16, 103 S. Ct. 927 (1983).

Factors (4) and (3) support abstention. First, the state court acquired jurisdiction over Plaintiff's Open Meetings Act claim prior to this Court. As Plaintiff acknowledges, the attorney general's suit is a prior pending action. (Complaint, ¶ 18.) That litigation has since progressed well beyond its infancy. Defendants in the state action have already filed an answer and have commenced discovery before any responsive pleading has been filed in this Court. (Attached to Defendants' answer is a certified copy of the state court defendants' answer and counterclaim.) In addition, the state court is considering defendants' counterclaim that challenges the constitutionality of Georgia's Open Meetings Act on four separate counts. In the interest of judicial economy and avoiding inconsistent results, the Court should dismiss Plaintiff's parallel Open Records Act claim.

Colorado River's third factor also supports abstention. Courts must avoid the possibility of piecemeal litigation. Georgia's Open Meetings Act only allows for one recovery. See Supra Section A. Therefore, any relief this Court might grant would have to be considered in light of rulings made in state court. This Court risks facing inconsistent results or having consideration of Plaintiff's Open Meetings Act claim rendered moot by a determination in state court that the Act is unconstitutional. This piecemeal approach and possibility for inconsistent results are precisely the reasoning why abstention is appropriate. In the interest of judicial

economy, consistent results, and the state interest in ruling on the applicability of state law, the Court should dismiss Plaintiff's parallel claim.

## II. CONCLUSION

Plaintiff's Open Meetings Act claim must be dismissed. The Attorney General is already seeking the maximum allowable penalties against Defendants in a prior matter in state court. The Court does not have the ability redress Plaintiff's alleged injury with the penalties she seeks. Therefore, Plaintiff lacks standing. Alternatively, Plaintiff's claim is subject to abstention under Colorado River. The presence of parallel litigation and the interest of avoiding piecemeal litigation dictate that this Court must dismiss Plaintiff's Open Meetings Act claim.

Respectfully submitted this 16th day of August, 2012.

**FREEMAN MATHIS & GARY, LLP**

/s/ Dana K. Maine
Dana K. Maine
Georgia Bar No. 466580
dmaine@fmglaw.com
James M. Dervin
Georgia Bar No. 232459
jdervin@fmglaw.com

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

[signatures continued on following page]

                    **MILES PATTERSON HANSFORD TALLANT, LLC**

                    /s/ Dana B. Miles
                    Dana B. Miles
                    Georgia Bar No. 505613
                    dmiles@mphtlaw.com
                    Kevin J. Tallant
                    Georgia Bar No. 696690
                    ktallant@mphtlaw.com

202 Tribble Gap Road
Suite 200
Cumming, GA 30040-2540
(770) 781-4100 (telephone)
(770) 781-9191 (facsimile)     Attorneys for Defendants

## **RULE 7.1 CERTIFICATION**

Counsel for Defendants hereby certifies the preceding document was prepared with Times New Roman font, 14 point pursuant to Northern District Local Rule 5.1.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Dana K. Maine*
Dana K. Maine
Georgia Bar No. 466580

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants and mailed by United States Postal Service, first-class, postage prepaid, a paper copy of the same document to counsel of record, who are non-CM/ECF participants. Counsel of record is:

Gerald R. Weber Jr.
wgerryweber@gmail.com
Law Office of Gerald Weber
P.O. Box 5391
Atlanta, GA 31107

This the 16th day of August, 2012

**FREEMAN MATHIS & GARY, LLP**

/s/ Dana K. Maine
Dana K. Maine
Georgia Bar No. 466580
dmaine@fmglaw.com

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
926\45419\