## **GENERAL RELEASE**

This General Release (the "Agreement") is made and entered into by NYDIA TISDALE ("Tisdale") on this 9th day of March, 2015.

WHEREAS, Tisdale has filed a lawsuit against Defendants regarding the filming of a public meeting and styled as *Tisdale v. Gravitt*, 2:12-CV-00145-RWS (N.D. Ga.) (the "Lawsuit"), and

WHEREAS, Tisdale, on the one hand, and MAYOR H. FORD GRAVITT, individually and in his official capacity; CITY OF CUMMING; POLICE CHIEF CASEY TATUM, individually and in his official capacity as Chief of Police for the City of Cumming, DEPUTY POLICE CHIEF WALTER COOK, individually ("Defendants"), on the other hand, desire to finally and completely compromise, settle, resolve and forever extinguish any and all present claims that have been raised or could have been raised in the Lawsuit.

NOW THEREFORE, in consideration of the promises, covenants and actions described below, the receipt and sufficiency of which are acknowledged, Tisdale agrees as follows:

1.  Settlement Payment.

In consideration of the release set forth herein of Tisdale's disputed claims for equitable relief, civil penalties and damages, Tisdale will be paid $200,000.00 inclusive of all penalties, damages, attorney's fees and expenses. Such payments shall be made on or before March 13, 2015. Defendants or their Insurance Carrier/Adjuster will issue an IRS Form 1099 for the entire amount of the payment, and Tisdale agrees to be responsible for and pay all federal, state, and local taxes applicable to her portion of the payment ("taxes").

2.  City Policy on Videotaping.

The City has adopted the attached policy regarding the videotaping of City council meetings.

3.  Release.

In consideration of the payment by, promises, covenants and actions of Defendants described in this Agreement, Tisdale, on behalf of herself and her representatives, agents, successors, and assigns hereby releases Defendants and all administrators, directors, supervisors, insurers, attorneys, and other officials and employees thereof of and from all claims, demands, actions, causes of action, suits, damages, losses and expenses arising out of the Lawsuit or any other claim, known or unknown that existed as of the date of execution of this Agreement, that Tisdale could raise in the Lawsuit or in any other Lawsuit. Provided, however, that Tisdale shall be authorized to enforce the obligations contained in this Agreement.

4. <u>Dismissal of the Lawsuit.</u>

In consideration of the mutual promises, covenants and actions described in this Agreement, Tisdale agrees to dismiss the Lawsuit with prejudice upon payment of the Settlement Agreement amount. Tisdale agrees to file the Stipulation of Dismissal with the Court upon payment of the Settlement Agreement amount.

5. <u>Non-Admission of Liability.</u>

Neither the fact that the parties have chosen to resolve the Lawsuit through this Agreement nor the terms of the Agreement itself should be construed as an admission of liability or responsibility by Defendants for any claim that was asserted or could have been asserted in the Lawsuit.

6. <u>Miscellaneous.</u>

(a) <u>Governing Law.</u> This Agreement and the rights and obligations of the parties hereto shall be governed by and construed in accordance with the laws of the State of Georgia.

(b) <u>Entire Agreement and Construction.</u> This Agreement shall become effective and enforceable immediately upon its execution. This document contains all of the terms of the Settlement, and supersedes and invalidates any previous agreements or contracts. Because this Agreement is the product of negotiations between all parties, no party may be considered the drafter of the Agreement and no ambiguity in any provision shall be construed against any party on account of that party being considered the drafter of that provision or of this Agreement. This Agreement may not be modified except through a writing signed by all parties.

(c) <u>Non-Assignment of Claims.</u> The parties hereby acknowledge, understanding that the truth of said acknowledgment is necessary to the making of this Agreement, that they have not heretofore assigned or otherwise transferred any of the claims released by them through this Agreement.

(d) <u>Severability.</u> If any provision of this Agreement is unenforceable or is held to be unenforceable, such provision shall be fully severable, and this Agreement and its terms shall be construed and enforced as if such unenforceable provision had never been a part of this Agreement. Under such circumstances, the remaining provisions of the Agreement shall remain in full force and effect, and a court construing the unenforceable provision shall add to this Agreement and make a part of it, in lieu of the unenforceable provision, a provision as similar in terms and effect to such unenforceable provision as may be enforceable.

(e) <u>Successors and Assigns.</u> The parties' respective rights under this Agreement shall inure to the benefit of their successors, assigns, heirs, and transferees.

(f) <u>Counterparts.</u>  This Agreement may be executed in one or more counterparts, and each shall be considered one and the same instrument. A copy of this executed Agreement transmitted via facsimile or electronic mail shall have the same force and effect as an original ink signed copy.

IN WITNESS WHEREOF, Tisdale has voluntarily executed this Agreement. By executing this Agreement, Tisdale stipulates, agrees, and warrants as follows:

(i) that the terms of this Agreement are reasonable;

(ii) that prior to executing this Agreement she has carefully read and understands all of the provisions of this Agreement and is voluntarily entering into this Agreement; and

(iii) that by executing this Agreement she affirms that she has the necessary and appropriate authority and capacity to execute this Agreement and that this Agreement shall be fully binding upon and enforceable against Tisdale.

The undersigned set her hand and seal, with the approval of her undersigned attorney, as of the date set forth above.

_____
Nydia Tisdale

Sworn to and subscribed before
me this 9th day of March, 2015

_____
Notary Public

(Seal)

Approved as to form by Nydia Tisdale's attorney:

_____
Gerald R. Weber

1277671.1

- 3 -